IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBY E. LOVETTE                                                                PLAINTIFF

VS.                           CASE NO. 5:07CV00313

PORT CITY JANITORS SUPPLY
AND PAPER COMPANY, INC.                                                     DEFENDANT

**ORDER**

Pending before the Court is defendant's Motion for Summary Judgment to which plaintiff has responded. For the reasons stated below, the motion is granted (#6).

Plaintiff an African-American male brings suit contending that defendant discriminated against him based upon his race by failing to promote him to the position of office clerk in September of 2006 in violation of Title VII, 42 U.S.C. § 2000e *et seq.*[1] Defendant contends that plaintiff has failed to establish a *prima facie* case of racial discrimination and, further, that defendant had a legitimate, nondiscriminatory reason for not hiring plaintiff in this position.

I. *Facts*

Plaintiff was initially hired by defendant in 1997 as a delivery driver and warehouse employee. His duties included cleaning, stocking, loading and unloading trucks. As a driver, he delivered products to customers both locally and outside of the City of Pine Bluff.

---

[1] Plaintiff contends that since the filing of his complaint defendant has retaliated against him by subjecting him to special rules and scrutiny regarding his requests for sick leave. He supports this allegation by providing the Court with a copy of a note dated November 1, 2007, which requires him to return to work after his appointment with a note from the doctor. (Pl. Sept. 23, 2008 Addendum). The Court will not address this issue as plaintiff has not amended his complaint to include this claim. Moreover, plaintiff's complaint was filed on December 13, 2007, which was after the date of the note.

In August of 2001, plaintiff was terminated by the plant manager at that time, Ron Adams, because plaintiff and a customer's employee had an exchange consisting of the customer's employee using a racial epithet to which plaintiff responded. Plaintiff testified that he told Adams about the incident. Adams subsequently terminated plaintiff based upon that exchange and plaintiff's attitude with customers.

Plaintiff was rehired by Adams in July of 2002 and continues to work for defendant with his primary duties consisting of working in the warehouse pulling orders, loading and unloading trucks, and putting up stock. He also acts as a fill-in driver when one of the other drivers is unavailable.

The position which plaintiff contends he was denied was an office clerk position. The duties for this position consisted of sitting at a desk, answering the telephone, taking orders on the telephone, customer sales, folding up mail, and monitoring the loading of merchandise on to delivery trucks. Plaintiff has no experience in sales or in working at the front desk as an office clerk.

Jason Want, a white male, was hired for the office clerk position. The current plant manager, Artie Gwin, testified that Want had previously filled in on the front desk, had previous sales experience and computer skills, and had demonstrated good customer service skills.

Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge states

> I applied for a job as office clerk. I was told by Artie Gwin that I wouldn't want that job. He also told me I would have to take a pay cut. I am personally aware that five (5) white males who were moved from driver/warehouse, and they did not take a pay cut. Some six (6) to eighth (8) whites have worked as salesperson/clerk. At no time has any black person been in clerk/sales.

Plaintiff testified that he was treated unfairly because (1) Gwin always made plaintiff return to work after a doctor's appointment which was a requirement applied only to him; (2) defendant failed to assign him to light duty after plaintiff suffered an injury during the course of his employment; (3) defendant failed to hire enough workers; and (4) Mickey Maranto, defendant's owner, yells and kicks boxes when a truck is incorrectly loaded.

David Johnson another African-American male who works for defendant has also brought a Title VII lawsuit based upon racial discrimination[2] against the defendant because he was denied promotion to an inside sales job or a clerk position. Johnson testified by affidavit in that case that (1) inside sales jobs and clerk's positions were always filled by whites; (2) all African-American employees who are employed by defendant work in the warehouse or drive trucks; (3) he had knowledge of defendant's computer system, but was still denied promotions; (4) he was willing to take an inside job even if it meant a pay cut; (5) Want did not have sales experience when he was promoted to a clerk position; (6) Roland Dickey who is a white male with no sales experience was hired by Gwin as a driver with a promise of a sales position; (7) Gwin placed a photograph of Johnson on the bulletin board with an arrow drawn pointing to Johnson and to a cartoon which depicted a picture of a snail; (8) defendant's white supervisors and white employees make derogatory jokes and comments about defendant's African-American employees; and (9) Johnson had been unfairly accused of being rude to a customer.

---

[2] *David Johnson v. Port City Janitors' supply & Paper Company, Inc.*, Case No. 5:07CV00157 is currently on appeal to the Court of Appeals for the Eighth Circuit.

II. *Analysis*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Seymour v. City of Des Moines*, 519 F.3d 790, 796 (8th Cir. 2008); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiff as the moving party has the burden to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir. 1995). The Court recites the evidence in the light most favorable to the plaintiff, and draws all reasonable inferences in his favor. *Elnashar v. Speedway SuperAmerica*, *LLC*, 484 F.3d 1046, 1055 (8th Cir. 2007).

Absent direct evidence of discrimination, the Court employs the familiar *McDonnell Douglas* burden-shifting framework to conduct an analysis under Title VII employment discrimination cases. *See Turner v. Honeywell Fed. Mfg. & Techs*., *LLC*, 336 F.3d 716, 720 (8th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). "Under the McDonnell Douglas framework, a presumption of discrimination is created when the plaintiff meets his burden of establishing a *prima facie* case of employment discrimination. A minimal evidentiary showing will satisfy this burden of production." *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1006-1007 (8th Cir. 2005) (citations omitted). Once a plaintiff successfully establishes a *prima facie* case, the burden shifts to the employer to articulate "a legitimate, non-discriminatory reason for its adverse employment action." *Davis v. KARK-TV, Inc.*, 421 F.3d 699, 704 (8th Cir. 2005) ( citing *Williams v. Ford*

*Motor Co.*, 14 F.3d 1305, 1309 (8th Cir.1994)).  If the employer meets its burden, "the presumption of discrimination disappears, requiring the plaintiff to prove that the proffered justification is merely a pretext for discrimination." *Pope v. ESA Services, Inc*, 406 F.3d at 1007. The plaintiff has the burden of persuasion at all times.  *Id.*

In order to establish a *prima facie* case of race discrimination in a failure-to-promote case, the plaintiff must establish that: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) a similarly-situated candidate, not part of the protected group, was hired for the position instead.  *Id.*

There is no question that plaintiff is a member of a protected group.  It is disputed whether plaintiff applied for and was rejected for the position of office clerk.  Plaintiff contends he asked Gwin about the position and about the required experience.  Plaintiff testified that Gwin told him that "I wouldn't want that job" and that "I would have to take a cut in pay."  Gwin testified that plaintiff did not apply for a promotion to office clerk.

This dispute would preclude the grant of summary judgment but for the fact that plaintiff has not presented sufficient evidence that he was qualified for the available position or that a similarly situated white candidate was hired for the position instead.  Plaintiff's testimony is that the duties for this position consisted of sitting at a desk, answering the telephone, taking orders on the telephone, customer sales, folding up mail, and monitoring merchandise as it was being loaded on the trucks.

Plaintiff does not contend that he has any computer skills. Nor does he dispute that defendant had previously terminated his employment for having a discussion with a customer which ended badly.

Plaintiff's reliance on Johnson's affidavit that Want did not have sales experience is insufficient to establish that Want and plaintiff were similarly situated because it is a conclusory statement unsupported by any evidence in the record. *See LaCroix v. Sears*, *Roebuck, & Co.,* 240 F.3d 688, 691 (8th Cir. 2001) (conclusory statements alone are insufficient to withstand properly supported summary judgment motion). In addition, plaintiff has failed to present any evidence that Want did not have good customer skills.

Plaintiff has failed to establish a *prima facie* case as he has failed to show that he was qualified for the position of office clerk or that Want was similarly situated to plaintiff.

Moreover, plaintiff has failed to rebut defendant's legitimate, non-discriminatory reason for hiring Want. Defendant's evidence is that Gwin hired Want because Want was more qualified than plaintiff based upon his sales experience and his customer service skills. (Def. Ex. 2).

In an effort to establish pretext, plaintiff has submitted (1) Johnson's affidavit and plaintiff's EEOC charge which state that African-Americans are never promoted to inside jobs; (2) Johnson's affidavit which states that Want did not have any sales experience; and (3) plaintiff's own testimony that he was treated unfairly because Gwin made him return to work after a doctor's appointment, that defendant failed to assign him to light duty after plaintiff suffered an injury during the course of his employment, that defendant failed to hire sufficient employees, and that Maranto yelled and kicked boxes when a truck was incorrectly loaded.

Plaintiff contends that Johnson's testimony supports his claims that African-Americans are treated unfairly and discriminated against by not being promoted based upon their race. He contends that (1) Johnson was qualified for a promotion; (2) had applied for a promotion; (3) had

been refused the promotion when a less qualified white employee had been promoted; and (4) white employees made fun of defendant's African-American employees.

Johnson's affidavit testimony is that he was familiar with the defendant's computer sales system and that Want had no sales experience. His deposition testimony is that he did not have any sales experience except for selling newspapers when he was a young boy, that his qualification for the inside sales job was his interest in the position, that everyone had to be trained at some point, and that he had signed a counseling form detailing a customer's complaint that he was rude to her and that he had directed curse words at her. Johnson also testified that he had been cautioned by defendant regarding his unsafe driving of delivery trucks.

Johnson's affidavit testimony that he believes Gwin placed a photograph of Johnson with a line drawn to a cartoon depicting a picture of a snail is directly contradicted by his deposition testimony that he did not know who placed the picture on the bulletin board. Moreover, the only evidence supporting his assertion that white employees and supervisors made fun of African-American employees is the posting of the cartoon and picture. Because he has testified he does not know who posted the cartoon and picture, there is no evidence that it was posted by white employees or supervisors.

Plaintiff cannot establish pretext in his case by using Johnson's affidavit testimony which contradicts sworn testimony in Johnson's case. *See Roberts v. Park Nicollet health Services*, 528 F.3d 1123, 1126 (8th Cir. 2008) (plaintiff cannot create genuine issue of material fact by submitting affidavit contradicting testimony at a prior deposition, when there is no "legitimate reasons" for filing inconsistent affidavit).

Johnson's allegation that Want has no sales experience, and Johnson's and plaintiff's allegations regarding African-American employees promotions are conclusory and unsubstantiated.  *See Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007) ("Without ... facts to demonstrate that there is a genuine issue for trial, ... mere allegations ... cannot defeat summary judgment."); *Jeseritz v. Potter*, 282 F.3d 542, 547 (8th Cir. 2002) (conclusory allegations will not suffice to establish pretext); *Rose-Maston v NME Hospitals, Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998) ("[U]nsubstantiated and conclusory allegations are insufficient to support an inference of pretext.").

Plaintiff's testimony that (1) Gwin required him to return to work after seeing a doctor; (2) defendant failed to provide him with light duty after an injury; (3) defendant failed to hire enough workers; and (4) Maranto's bad temper were based upon his race is also insufficient to establish pretext.

Plaintiff's testimony is that he was treated differently from all other employees because he was required to return to work after seeing a doctor and because he was not given enough help.[3]  By plaintiff's own testimony these other employees included both African-American and white employees.  Thus, while plaintiff may have been treated unfairly, there is no evidence that this unfair treatment was based upon race.  *Cf. Dotson v. Delta Consol. Industries, Inc.*, 251 F.3d 780 (8th Cir. 2008) (no discrimination when all employees, regardless of race, were supplied in the same manner with the same amount of information about job openings).

---

[3]Although plaintiff's retaliation claim was based upon the allegation of having to return to work after a doctor's appointment with a note, he also testified that Gwin exhibited racially insensitive behavior toward plaintiff by having him return to work after a doctor's appointment. (Def. Ex. 1 at 40).

8

Moreover, plaintiff testified that when Maranto kicked boxes and yelled, it was not directed toward plaintiff.  The addendum filed by plaintiff on September 23, 2008, contains a statement dated February 11, 2008 which was signed by office manager Angela Cole and plaintiff which reflects that plaintiff was offered "light duty" by defendant after his injury which he refused.

III. *Conclusion*

Defendant's motion is granted and all claims against defendant are dismissed with prejudice.  Judgment will be entered accordingly.

IT IS SO ORDERED THIS  9  day of   October  , 2008.

_____
James M. Moody
United States District Judge